IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NATHAN B. MARTIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CIV-09-128-HE ) |
| MIKE CORY, et al., | ) ) |
| Defendants. | ) ) |

## REPORT AND RECOMMENDATION

Plaintiff, a former state pretrial detainee appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. §1983.[1]  Plaintiff filed the instant action on February 2, 2009, and Plaintiff has named as Defendants two Oklahoma City police officers, Mr. Cory and Mr. Davis, Family Dollar Store, and Mr. Anderson, who is described as an employee of Family Dollar Store.  The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B).  For the following reasons, it is recommended that the action be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b) and 1915(e)(2)(B).

---

[1] After Plaintiff filed this action and was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a), Plaintiff notified the Court through a notice of change of address filed March 3, 2009, in another pending action, Martin v. Whetsel, Case No. CIV-08-1223, that he had been released from the Oklahoma County Detention Center.  At the direction of the undersigned, Plaintiff filed a second application for leave to proceed *in forma pauperis*, and the application was granted with the condition that Plaintiff file monthly reports of his financial status to ensure that he is qualified to continue to litigate this matter as a pauper.

I. Initial Review under 28 U.S.C. §§1915A and 1915(e)(2)(B)

In considering a civil complaint filed by a prisoner, the court has the responsibility to screen as soon as possible a complaint in a civil action filed by a prisoner in which the prisoner "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). On review, the court must dismiss a prisoner's cause of action seeking relief from a governmental entity or officer or employee of a governmental entity at any time the court determines the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or if the prisoner seeks monetary relief from a defendant who is immune from such a claim. 28 U.S.C. § 1915A(b). Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court must dismiss a cause of action filed *in forma pauperis* by a litigant against any defendant at any time the court determines the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or if the prisoner seeks monetary relief from a defendant who is immune from such a claim.

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Perkins v. Kansas Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). No "heightened fact pleading" is required under this standard, "but only enough facts to state a claim to relief that is plausible on its face." Id., 127 S.Ct. At 1974. In reviewing the sufficiency of the complaint, the court presumes all of the plaintiff's "well-

pleaded facts" but not "conclusory allegations" to be true. McBride v. Deer, 240 F.3d 1287, 1289 (10th Cir. 2001)(internal quotation omitted). A *pro se* plaintiff's complaint must be broadly construed under this standard. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court reviewing the sufficiency of a complaint "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

II. Plaintiff's Claims

Plaintiff asserts in his Complaint that he was arrested and charged in Case No. CF-2007-4271 in the District Court of Oklahoma County, Oklahoma, with committing a robbery of a Family Dollar Store. Plaintiff seeks monetary damages for his "unlawful seizure since 6-26-07" with respect to this charge. He alleges Mr. Anderson was a witness at the preliminary hearing conducted in this criminal proceeding who "willing [sic], wrongfully [and] falsely testified against the Plaintiff for the Family Dollar Store on 11-14-07." Plaintiff also contends that Mr. Anderson testified at the preliminary hearing that the robber was "masked over 90 % of his face" but "falsely testified against the Plaintiff...." Plaintiff alleges Mr. Cory was an investigating officer who "failed to gather facts [and] evidence pertaining to this allegation" and "has sworn to the validity of the statement given by Kirk Anderson as being true [and] reasonable without any investigation or substantiation." Plaintiff alleges Mr. Davis was a "witness against the Plaintiff."

III. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege he or she was deprived

of a right "secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Amer. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). Section 1983 does not apply to private parties unless their conduct amounts to "state action." Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982). A private party may be held liable under § 1983 only if it is a "willful participant in joint activity with the State or its agents." Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 941 (1982)(quotation omitted). Plaintiff alleges Defendants Anderson, Davis, and Family Dollar Store are liable to him under 42 U.S.C. § 1983 because Defendant Anderson provided information to Defendant Cory during Defendant Cory's investigation of the robbery and because Defendants Anderson and Davis testified at the preliminary hearing in the criminal proceeding. Neither Defendant Anderson nor Family Dollar Store became involved in state action simply by reporting a crime or furnishing information to investigating police officers. Benavidez v. Gunnell, 722 F.2d 615, 618 (10th Cir. 1983). See Miller v. Compton, 122 F.3d 1094, 1098 (8th Cir. 1997)("To impose § 1983 liability on a private actor for merely answering a law enforcement official's questions regarding a case would have obvious and unfortunate consequences and has no support in precedent or common sense."). As a private party testifying in a judicial proceeding, Defendant Anderson was not performing acts "under color of state law." Briscoe v. LaHue, 460 U.S. 325, 329-334 (1983)(holding § 1983 did not abrogate absolute immunity of private witnesses existing at common law). Additionally, police officers enjoy absolute immunity for their testimony in judicial proceedings. Id. at 341-346. Thus, Plaintiff has not stated a claim for relief as to Defendants Anderson, Family

Dollar Store, and Davis.

With respect to Defendant Cory, Plaintiff contends that Mr. Cory "has sworn an oath saying Plaintiff committed this crime" and that Mr. Cory did not conduct "any investigation" into the robbery charge before he "swor[e] to the validity of the statement given by [Mr.] Anderson as being true [and] reasonable...." Plaintiff urges that this conduct violated his Fourth, Fifth, Sixth, Ninth, Tenth, and Fourteenth Amendment rights under the Constitution. Plaintiff's claims of "pretrial deprivations of liberty" are governed by the Fourth Amendment. Albright v. Oliver, 510 U.S. 266, 274 (1994). Plaintiff alleges in the Complaint that he was subjected to "a warrentless [sic] arrest," but Oklahoma County District Court public records indicate that an arrest warrant was issued on July 26, 2007, by an Oklahoma County judge in Case No. CF-2007-4271 and that the warrant was returned on July 30, 2007. "It is a violation of the Fourth Amendment for an arrest warrant affiant to 'knowingly, or with reckless disregard for the truth,' include false statements in the affidavit." Wolford v. Lasater, 78 F.3d 484, 489 (10th Cir. 1996)(quoting Franks v. Delaware, 438 U.S. 154, 155-156 (1978)). Likewise, it is a Fourth Amendment violation to "knowingly or recklessly omit from the affidavit information which, if included, would have vitiated probable cause." Id.

Plaintiff contends that he was arrested at 5:00 or 6:00 in the morning on May 17, 2007, and that "Defendants were being robbed at 1638 Hrs. on 5-17-07," or at 4:38 p.m. on

the same date.² Plaintiff claims that if Mr. Cory had conducted an adequate investigation of the robbery "he would have found out the Plaintiff was incarcerated [sic] at the time the Family Dollar Store was being robbed." Oklahoma County District Court records show that the two charges filed against Plaintiff in Case No. CF-2007-4271, Robbery with a Dangerous Weapon and Committing an Assault with a Dangerous Weapon While Masked or in Disguise, were dismissed at the request of the State of Oklahoma on November 14, 2007, for lack of prosecutorial merit.³

Plaintiff has not alleged any facts from which to infer that Defendant Cory included false statements or omitted any facts from the arrest warrant affidavit knowingly or with reckless disregard for the truth. Rather, Plaintiff alleges only that Defendant Cory negligently or inadvertently failed to check police department arrest records prior to presenting an arrest warrant affidavit to a judicial officer. Plaintiff has not stated a claim of a violation of the Fourth Amendment with respect to the allegations in his Complaint against

---

²Oklahoma County District Court public records reflect that a warrant for Plaintiff's arrest was issued on May 21, 2007, in <u>State of Oklahoma v. Nathan Bernard Martin</u>, Case No. CF-2007-2989, that Plaintiff was arrested and charged in this criminal case with the offenses of possession of controlled dangerous substance and possession of drug paraphernalia, that he entered guilty pleas to these charges on June 26, 2007, and that he was sentenced to six year and one year suspended sentences, respectively, for these convictions.

³Oklahoma County District Court records reveal that a warrant for Plaintiff's arrest was issued by an Oklahoma County District Court judge on July 5, 2007, in Case No. CF-2007-3864, that a trial in this criminal proceeding was conducted on November 23-24, 2009, and the jury entered a verdict of not guilty of the charge of Robbery with a Dangerous Weapon filed against Plaintiff in that case. During the time period between his arrest in July 2007 and the trial in this matter, Plaintiff was confined to the Oklahoma County Detention Center as a pretrial detainee.

Defendant Cory. See Taylor v. Meacham, 82 F.3d 1556, 1563 (10th Cir.)(finding sheriff did not violate Fourth Amendment when he presented arrest warrant affidavit to a judge, where plaintiff presented "no evidence which even suggests that [the sheriff] included the false statements, or omitted any facts, knowingly or with reckless disregard for the truth, rather than out of negligence or inadvertence"), cert. denied, 519 U.S. 871 (1996); United States v. Knapp, 1 F.3d 1026, 1029 (10th Cir. 1993)("It is not enough to show that the informant lied to an unsuspecting affiant, or that an affiant's negligence or innocent mistake resulted in false statements in the affidavit .... [A]s long a the affidavit reflected what [the officer] believed to be true, the warrant was properly issued."). Consequently, the cause of action as to all of the Defendants should be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the cause of action be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.  Plaintiff is notified that a dismissal of this cause of action pursuant to 28 U.S.C. §1915A(b) or §1915(e)(2)(B) may constitute one "strike" pursuant to 28 U.S.C. §1915(g) upon affirmance or waiver of his opportunity to appeal.  Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by     April 20th    , 2009, in accordance with 28 U.S.C. § 636 and LCvR 72.1.  The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United

7

States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   30th   day of   March  , 2009.

*/s/ Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE